**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LIZETTE PEGUES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BAKER UNIVERSITY, )<br>)<br>Defendant. )<br>_____ ) | CIVIL ACTION<br><br>No. 11-2136-KHV |

**MEMORANDUM AND ORDER**

Plaintiff, an African American, brings suit pro se alleging race discrimination in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. She alleges that defendant did not adequately respond to her complaint of peer discrimination and that defendant's head of student services treated her differently than white students. This matter comes before the Court on Defendant Baker University's Motion For Judgment On The Pleadings Or, In The Alternative, Motion To Dismiss (Doc. #8) filed April 13, 2011.[1] For the reasons stated below, the Court sustains defendant's motion in part.

**Legal Standards**

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). To survive a motion to

---

[1] Defendant styles its motion as a motion for judgment on the pleadings, or, in the alternative, a motion to dismiss. A motion for judgment on the pleadings is proper only after the pleadings are closed, i.e. after defendant has served an answer. Fed. R. Civ. P. 12(c); see Dolquist v. Heartland Presbytery, 342 F. Supp.2d 996, 998 (D. Kan. 2004). Defendant has not yet served an answer. The Court therefore treats defendant's motion as a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P.

dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 129 S. Ct. at 1950.

The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden of framing her complaint with enough factual matter to suggest that she is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim when she pleads factual content from which the Court can reasonably infer that defendant is liable for the misconduct alleged. Iqbal 129 S. Ct. at 1949. Plaintiff must show more than a sheer possibility that defendant has acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendant's liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Iqbal, 129 S. Ct. 1949. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not "shown" – that the pleader is entitled to relief. Id. at 1950. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends upon the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008)).

The Court construes plaintiff's pro se complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers. See Hall, 935 F.2d at 1110. The Court does not

assume the role of advocate for a pro se litigant. Id. A pro se litigant must also "follow the same rules of procedure that govern all other litigants." Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994); Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).

**Factual Background**

The complaint alleges the following facts.[2]

Plaintiff enrolled at Baker University to obtain a bachelor's degree in business administration. On September 23, 2009, she started a class which required students to participate in Learning Teams with other students for the duration of the 18-month course. The Learning Teams essentially functioned as study groups.

Among others, plaintiff's Learning Team included Patricia Freemyer and Michael Anderson. Anderson was the only other African American member of the Learning Team. In October of 2009, Freemyer, a white student, kicked plaintiff and Anderson out of the group. Plaintiff believes that "blatant hatred, prejudice, and discrimination" motivated Freemyer's action. Complaint (Doc. #1) at 7.

Plaintiff informed the head of student services, Lindsey Ayers, that Freemyer expelled her

---

[2] Plaintiff's response to defendant's motion relies on facts not alleged in her complaint. See Plaintiff's Memorandum In Opposition To Motion To Dismiss (Doc. #15) filed May 13, 2011 at 6; Doc. #15-1. When deciding a motion to dismiss, the Court may not look beyond the allegations in the complaint. Dean Witter Reynolds, Inc. v. Howsam, 261 F.3d 956, 961 (10th Cir. 2001), rev'd on other grounds, 534 U.S. 1161 (2002); Lassiter v. Topeka Unified Sch. Dist. No. 501, 347 F. Supp.2d 1033, 1040 (D. Kan. 2004). The Court has discretion to convert a Rule 12(b)(6) motion into a motion for summary judgment when a party presents matters outside the pleadings. See Nazar v. Wolpoff & Abramson, LLP, 530 F. Supp.2d 1161, 1166 (D. Kan. 2008) (citing Poole v. Cnty. of Otero, 271 F.3d 955, 957 n.2 (10th Cir. 2001)). Because the parties have not completed discovery and pertinent facts have not been set forth in compliance with D. Kan. Rule 56.1, the Court declines to consider matters outside the pleadings and will treat defendant's motion as one to dismiss under Rule 12(b)(6). Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202, 475 F. Supp.2d 1092, 1097 n.3 (D. Kan. 2007).

from the Learning Team because she was "prejudiced and filled with hatred." Id.[3] Ayers told plaintiff and Anderson that they had three options: (1) join an existing group; (2) form a new group; or (3) withdraw from the course and wait for another class to start. Plaintiff argues that the options were not fair or legal because they differed from the options the school afforded to white students in the program. In October of 2009, plaintiff withdrew from Baker University.

Plaintiff subsequently contacted the Office for Civil Rights ("OCR") of the U.S. Department of Education about the alleged Title VI violations. The OCR ordered defendant to reimburse plaintiff's tuition, and defendant did so. The reimbursement did not include an award for damages, so plaintiff sued.

## **Analysis**

Title VI prohibits intentional discrimination by federally funded programs.[4] Section 601 of Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Private individuals may sue to enforce Section 601 and obtain both injunctive relief and damages. Alexander v. Sandoval, 532 U.S. 275, 279 (2001). A private action for damages under Section 601 exists only if an "appropriate person" had actual knowledge of the alleged discrimination and was deliberately indifferent to it. Rubio v. Turner Unified Sch. Dist. No. 202, 523 F. Supp.2d 1242, 1250-51 (D. Kan.

---

[3] Plaintiff's complaint refers to Ayers as the head of student services. Defendant's memorandum in support of its motion to dismiss refers to Ayers as plaintiff's advisor. Ayers' title is unclear from the pleadings, but for purposes of deciding defendant's motion the Court assumes Ayers was the head of student services.

[4] Defendant does not dispute that it has received federal funding.

2007); see Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 290 (1998).[5]  Constructive notice is insufficient.  See Gebser, 524 U.S. at 285.

An "appropriate person" is one who has the authority to take corrective action to end the discrimination.  Rubio, 523 F. Supp.2d at 1250-51; see Gebser, 524 U.S. at 290.  Determining who is an appropriate person under Title VI is a fact-based inquiry, but a school official with authority to halt known abuse by measures such as transferring the harassing student to a different class, suspending her or curtailing her privileges would qualify.  Murrell v. Sch. Dist. No. 1, Denver, Colo., 186 F.3d 1238, 1247 (10th Cir. 1999).  The knowledge of the wrongdoer herself is "not pertinent to the analysis."  Gebser, 524 U.S. at 291.

A recipient of federal funds is deliberately indifferent to peer discrimination, i.e. students discriminating against students, if its response to known discrimination is "clearly unreasonable in light of the known circumstances."  Davis v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 648 (1999).  Because Title VI only prohibits intentional discrimination, plaintiff must allege that defendant subjected her to discrimination, i.e. caused plaintiff to undergo discrimination or made her vulnerable to it.  Davis, 526 U.S. at 644-45; Bryant v. Indep. Sch. Dist. No. I-38, 334 F.3d 928, 933 (10th Cir. 2003).[6]  This does not mean that defendant must purge its school of all actionable peer discrimination

---

[5]   Gebser was a Title IX case, but it noted that Title IX was modeled after Title VI and that the two are "parallel" except that Title VI "prohibits race discrimination, not sex discrimination, and applies in all programs receiving federal funds, not only in education programs."  524 U.S. at 286; see also Cannon v. Univ. of Chic., 441 U.S. 677, 694-95 (1979).  Interpretation of Title IX therefore informs and instructs interpretation of Title VI (and vice versa).  Bryant v. Indep. Sch. Dist. No. I-38, 334 F.3d 928, 934 (10th Cir. 2003) (citing Sandoval, 532 U.S. at 279-80).

[6]   The Tenth Circuit has summarized the elements of a claim of peer discrimination under Title VI as follows: Plaintiff must allege that the recipient of federal funds "(1) had actual knowledge of, and (2) was deliberately indifferent to (3) harassment that was so severe, pervasive
(continued...)

or take particular disciplinary action to avoid liability. Davis, 526 U.S. at 648. In an appropriate case, there is no reason why courts ruling on a motion to dismiss could not identify a response as not clearly unreasonable as a matter of law. Id.

As noted above, plaintiff alleges two instances of discrimination: (1) expulsion from the Learning Group ("peer discrimination") and (2) disparate treatment by Ayers in offering plaintiff three options that differed from those available to white students ("faculty discrimination"). Defendant argues that plaintiff's complaint does not state a claim under Title VI because it does not allege that an appropriate person, other than Ayers, had actual notice of the alleged discrimination or that Ayers was deliberately indifferent to plaintiff's complaint.

### I.   Peer Discrimination

Plaintiff alleges that Freemyer expelled her from the Learning Team because of her race and that Ayers took no action against Freemyer, but advised plaintiff to leave the group or drop the class. See Doc. #1 at 7. Deliberate indifference to known instances of peer discrimination is a viable theory under Title VI where the harasser is under the recipient's disciplinary authority. Bryant, 334 F.3d at 934; see also Davis, 526 U.S. at 633. To survive defendant's motion to dismiss, the complaint must allege that an appropriate person had actual notice of, and was deliberately indifferent to, discrimination which was so severe, pervasive and objectively offensive that it deprived plaintiff of access to the educational benefits provided by defendant. Bryant, 334 F.3d at 934 (citing Murrell, 186 F.3d at 1246). Defendant argues that the complaint does not allege that an appropriate person had actual notice of Freemyer's action or that Ayers was deliberately indifferent to plaintiff's

---

[6](...continued)
and objectively offensive that it (4) deprived the victim of access to the educational benefits or opportunities provided by the school." Bryant, 334 F.3d at 934; Murrell, 186 F.3d at 1246.

complaint.[7]

### A. Actual Notice To Appropriate Person

The complaint alleges that plaintiff told Ayers, the head of student services, that Freemyer expelled her and Anderson from the Learning Team because Freemyer was "prejudiced and filled with hatred." Doc. #1 at 7. The complaint does not allege that Ayers had authority to take corrective action. Viewing the record in the light most favorable to plaintiff, and drawing all reasonable inferences in her favor, however, plaintiff has sufficiently alleged that Ayers was an "appropriate person." It is reasonable to infer that the head of student services had authority to take corrective action in response to plaintiff's complaint of discrimination. Rubio, 523 F. Supp.2d at 1250-51; see Gebser, 524 U.S. at 290.

### B. Deliberate Indifference

Defendant argues that Ayers was not deliberately indifferent to plaintiff's complaint of discrimination because she offered plaintiff three reasonable options – to join a different Learning Team, start her own Learning Team or withdraw from the course. The Court should not second-guess defendant's disciplinary decisions. See Davis, 526 U.S. at 648. To avoid liability for peer discrimination under Title VI, defendant need only respond in a manner that is not clearly unreasonable. See id.

Here, the complaint alleges that the three options which Ayers gave plaintiff were not "fair or legal" because African Americans did not get the same options that were afforded to white students in the program. If true, Ayers' response was clearly unreasonable. Plaintiff has therefore plausibly

---

[7] Defendant does not contest that the alleged discrimination was so severe, pervasive and objectively offensive that it deprived plaintiff of access to the educational benefits provided by defendant.

alleged that defendant was deliberately indifferent to the discrimination which plaintiff suffered, and the Court overrules defendant's motion to dismiss plaintiff's claim of peer discrimination under Title VI.

## II. Faculty Discrimination

Plaintiff alleges that Ayers' response to her complaint of discrimination was itself a violation of Title VI because the three options which Ayers offered to plaintiff differed from those available to white students in the program. To survive defendant's motion for summary judgment the complaint must allege that an appropriate person at Baker University had actual notice of Ayers' action and was deliberately indifferent to it. Rubio, 523 F. Supp.2d at 1250-51; see Gebser, 524 U.S. at 290.

The complaint alleges that plaintiff told Ayers that Freemyer expelled her from the Learning Team because of race and that Ayers responded by giving plaintiff three options. It does not allege that plaintiff reported Ayers' handling of her complaint to anyone else at Baker University.[8] Ayers' knowledge of her own act does not constitute actual notice of the act to defendant. Rubio, 475 F. Supp.2d at 1092; see Gebser, 524 U.S. at 291. The complaint therefore does not allege that an appropriate person had actual notice of the alleged discrimination, and the Court sustains defendant's motion to dismiss plaintiff's claim that Ayers' handling of plaintiff's complaint violated Title VI.

---

[8] Plaintiff's response to defendant's motion states that on November 6, 2009, she e-mailed a letter to Pete Stobie, Assistant Dean of Finance and Operations and Director of Student Services about Freemyer's actions and Ayers' response to plaintiff's complaint. On December 8, 2009, Stobie notified plaintiff that, pursuant to the student handbook, she needed to submit a specific statement as to the remedial action or relief she sought. Plaintiff's response to defendant's motion complains that Stobie did not promptly respond to her grievance. As noted above, the Court does not consider these additional facts because plaintiff did not include them in the complaint. Even if the Court did consider them, it would not change the Court's analysis because the one-month delay was not clearly unreasonable, i.e. does not constitute deliberate indifference.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss (Doc. # 8) filed April 13, 2011 be and hereby is **SUSTAINED in part.** The Court sustains defendant's motion with respect to plaintiff's claim that Ayers' handling of plaintiff's complaint violated Title VI. The Court hereby dismisses that claim. The Court overrules the motion with respect to plaintiff's peer discrimination claim.

Dated this 23rd day of September, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
Kathryn H. Vratil<br>
United States District Judge